IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RICHARD A. NICHOLS,** <br><br> Petitioner, <br><br> vs. <br><br> **STATE OF UTAH,** <br><br> Respondent. | MEMORANDUM DECISION AND ORDER <br><br> Case No.  2:08CV123 DAK |

      This matter is before the court on Petitioner Richard A. Nichols' Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This is Mr. Nichols' second Petition under § 2254.  Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Section 2255(h) requires a federal prisoner seeking authorization to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).  *In re Cline*, 2008 WL 2673263, 1 ( July 9, 2008 10th Cir. 2008).

      When a second or successive § 2254 claim is filed in the district court without the

required authorization from the Tenth Circuit, the district court may transfer the matter to the Tenth Circuit if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction. *See Spitznas v. Boone,* 464 F.3d 1213, 1227 (10th Cir.2006) ("Since the claim was successive ... the district court ... could only dismiss the petition or transfer it to us for certification."); *Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir.2002) (noting that district courts have the option to dismiss an unauthorized successive petition for lack of jurisdiction or transfer it to the circuit court pursuant to § 1631).

This court finds that it is not in the interest of justice to transfer this petition because the petition fails not only because it is time-barred, see 28 U.S.C. § 2244(d)(1)(A), but also because Mr. Nichols is not in custody.  *See Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002).  *See also Nichols v. State of Utah* (2:07cv940) (D. Utah).

Accordingly, for the foregoing reasons, Mr. Nichols' Petition is DENIED.

DATED this 30th day of July, 2008.

             BY THE COURT:

             DALE A. KIMBALL
             United States District Judge